**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| | : | |
| ANTHONY CARTER, | : | |
| Plaintiff, | : | No. 3:21-cv-185 (SRU) |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE, a/k/a LIEUTENANT | : | |
| DURANT, et al., | : | |
| Defendants. | : | |

**INITIAL REVIEW ORDER RE AMENDED COMPLAINT**

Anthony Carter ("Carter"), currently incarcerated at MacDougall-Walker Correctional

Institution in Suffield, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. In my

Initial Review Order, filed April 8, 2021, I ordered the complaint served on Lieutenant Durant. I

dismissed without prejudice the claims raised against Commissioner Angel Quiros, Captain

James Watson, and Warden Kenneth Butricks and permitted Carter to file an amended

complaint.[1] Doc. No. 9 at 11. On April 23, 2021, Carter filed an amended complaint setting forth

additional details to support the Eighth Amendment claims raised against Watson and Butricks.

For the following reasons the claims against Watson and Butricks are **dismissed**.

I.      **Standard of Review**

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil

complaints and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] This order refers to the defendants by the titles they held at the time Carter filed the original complaint.

immune from such relief.  28 U.S.C. § 1915A. That requirement applies both when the plaintiff

pays the filing fee and when he proceeds *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115,

116 (2d Cir. 1999) (per curiam).

Although detailed allegations are not required, a complaint must include sufficient facts

to afford the defendants fair notice of the claims and the grounds upon which they are based and

to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).

Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be

construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v.

Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*,

470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir.

2010) (discussing special rules of solicitude for *pro se* litigants).

## II.    **Factual Background**

Details of the incident supporting Carter's Eighth Amendment claims are set forth more

fully in my Initial Review Order, and I therefore will address only additional facts alleged in the

Amended Complaint in this order. In the Amended Complaint, Carter alleges that at some time

prior to his fall from the top bunk in a cell in the Restrictive Housing Unit at Cheshire

Correctional Institution, he mailed an Inmate Request Form to Butricks. Am. Comp. At ¶ 53. In

that request, he explained that he was "housed in EB1 and the bunks do not have a ladder afixed

to the beds for a person to safely get on the top bunk or down off the top bunk." *Id.* at ¶ 54.

Carter's request form appears to have been forwarded to Watson, who sent Carter a reply

that read: "Due to life safety issues we do not provide a ladder to access the top bunk.  A ladder would be a detriment and getting on a top bunk, or inability thereof, is made on a case by case basis."  *Id.* at ¶¶ 55, 57.

Carter additionally alleges that Butricks is the Unit Administrator at Cheshire, and Watson is the Unit Manage of the RHU. *Id.* at ¶¶ 59-60. In those roles, both Watson and Butricks must comply with the mandates of the State of Connecticut Department of Correction Administrative Directives. *Id.* at ¶ 61. Carter notes that section 9.4(4)(A) of the Administrative Directives provides that RHU cells should be furnished in a manner consistent with cells in general population. *Id.* ¶ 64. Butricks and Watson have failed to comply with those provisions, because the general population cells at Cheshire have ladders, as well as desks and chairs, while the RHU cells have only ladder-less bunks. *Id.* at ¶ 66. Carter contends that the failure to comply with that directive was "the driving force behind the injuries sustained by the plaintiff and amounts to deliberate indifference." *Id.* at ¶ 67.

### III.   <u>Discussion</u>

To state an Eighth Amendment claim for unconstitutional conditions of confinement against prison officials, Carter must allege facts supporting an objective element—that "the deprivation the inmate suffered was sufficiently serious that he was denied the minimal civilized levels of life's necessities"—and a subjective element—that the defendant official "acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (summary order) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted).

As explained further in my Initial Review Order, Carter's original complaint adequately

3

alleges that the lack of access to a ladder could be shown to constitute a sufficiently serious condition that put Carter at risk of serious harm. *See* Doc. No. 9 at 7.  To satisfy the subjective component with regard to Quiros, Butricks and Watson, however, Carter must allege that each official was subjectively aware that the lack of access to a ladder posed a substantial risk to his health or safety, and disregarded that risk by failing to take corrective action. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002). In doing so, Carter may not merely rely on the defendants' imputed knowledge of the risk through their roles as supervisory officials. Instead, Carter must "plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (citation and quotation marks omitted). Accordingly, Carter must set forth facts to demonstrate that Quiros, Butricks and Watson "personally knew of and disregarded an excessive risk" to his health and safety by failing to ensure he was provided with a ladder. *Id.* at 619.

With regard to Butricks, Carter alleges only that he mailed an inmate request to Butricks and that the request was referred to and responded to by Watson. Based on those allegations, it is not clear whether Butricks received and read Carter's letter, or merely forwarded the letter to a subordinate. Accordingly, those allegations are insufficient to establish that Butricks was subjectively aware of the particular risk posed by Carter and failed to take action. *See, e.g., Kerr v. Cook,* 2021 U.S. Dist. LEXIS 36247, at *8 (D. Conn. Feb. 26, 2021) ("Allegations that [plaintiff] sent correspondence to [prison officials], without more, i.e. an acknowledgement of receipt and a denial of the relief requested, is not enough to plausibly allege the subjective component of an Eighth Amendment claim."); *Lebron v. Semple*, 2018 WL 3733972, at *4 (D.

4

Conn. Aug. 6, 2018) ("Courts have held that a failure to respond to a letter of complaint does not constitute the personal involvement necessary to maintain a section 1983 claim.") (citation and quotation marks omitted). Accordingly, the claim against Butricks is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

Similarly, with regard to Watson, Carter alleges that Watson responded to his letter, acknowledged that the bunks did not contain ladders and stated that determinations of whether a ladder would be provided to a particular individual were "made on a case by case basis." Am. Compl. Doc. No. 13 at ¶ 57. Allegations that Watson received Carter's letter and responded by informing him that determination of whether to afford an inmate access to a ladder was made "on a case by case basis" are insufficient to support the inference that Watson was subjectively aware of the risk posed to Carter, but failed to follow up to provide Carter with a ladder. *Delee* v. *Hannigan*, 729 F. App'x 25, 32 (2d Cir. 2018) ("[official's] decision not to act on a letter received from an inmate [is] insufficient to establish personal involvement by a supervisor"). Accordingly, the claim against Watson is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

Finally, Carter sets forth no additional details regarding Quiros in the Amended Complaint and does not include Quiros as a named defendant. Accordingly, I assume that Carter does not intend to pursue the Eighth Amendment claim against Quiros.

I note additionally that Carter alleges that Watson and Butricks violated the Eighth Amendment by failing to comply with the provisions of Administrative Directive 9.4(4)(A). Mere failure to comply with administrative directives, however, does not adequately state a cognizable claim under section 1983. *See Harris v. Taylor*, 441 F. App'x 774, 775 (2d Cir. 2011) (failure to comply with prison directives, without more, does not state a claim cognizable under

section 1983); *Osuch v. St. John*, 2018 WL 5778243 at *4 (D. Conn. Nov. 2, 2018) ("a violation of a state law or regulation, on its own, does not constitute a violation of a federally or constitutionally protected right") (collecting cases); *Fofana v. Bellamy*, 2017 WL 4338971, at *2 (N.D.N.Y. Sept. 29, 2017) (dismissing claim for violation of prison regulation for failure to state cognizable claim; federal court is inappropriate forum to challenge prison rules) (citing cases). Accordingly, to the extent that Carter seeks to hold Watson and Butricks liable under section 1983 for failure to comply with the provisions of the Connecticut Administrative Directives, that claim is without merit.

CONCLUSION

The Eighth Amendment claims raised against Butricks and Watson are dismissed. Because Carter has alleged no additional facts in support of the claim against Quiros, the claim against Quiros is also dismissed.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of June 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge