UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY CARTER,
    Plaintiff,

v.

THOMAS DURANT,
    Defendant.

No. 3:21-cv-185 (SRU)

## ORDER ON DEFENDANT'S MOTION *IN LIMINE*

Thomas Durant filed a motion *in limine* in advance of the trial expected to commence on September 23, 2024. Doc. No. 95. Anthony Carter responded to Durant's motion *in limine* on August 22, 2024. Doc. No. 106. For the reasons set forth below, Durant's motion *in limine* is **granted in part and denied in part**. Doctors James Smyth, Elizabeth Simmons, Frank Maletz, and Francesco Lupis are precluded from testifying as expert witnesses. However, they may testify as treating physician fact witnesses subject to the limitations outlined below.

I.    MOTION *IN LIMINE*

Durant's motion *in limine* seeks to prevent expert testimony from Carter's four treating providers: Dr. James Smyth, Dr. Elizabeth Simmons, Dr. Frank Maletz, and Dr. Francesco Lupis. Doc. No. 95 at 1. Durant argues those doctors were never disclosed as expert witnesses under Fed. R. Civ. P. 26(a)(2). *Id.* at 3. Durant claims that allowing the physicians to testify will "significantly prejudice" him due to their late disclosure, and, therefore, they should be precluded from testifying entirely. *Id.* at 5. Additionally, Durant asserts that Carter failed to justify his improper disclosure of the physicians as expert witnesses, opening himself to sanctions under Fed. R. Civ. P. 37(c)(1). *Id.* at 4.

If Carter's providers are allowed to testify as fact witnesses, Durant argues, they must be limited solely to fact testimony based on their "personal knowledge of the examination, diagnosis and treatment of [the plaintiff] and not from information acquired by outside sources." *Id.* at 1 (quoting *Hettiarachchi v. Cnty. of Suffolk*, 2023 WL 6283287, at *16 (E.D.N.Y. Sept. 25, 2023)) (cleaned up).

In response, Carter does not argue his physicians should be allowed to testify as expert witnesses. Doc. No. 106 at 4. Instead, Carter requests that his treating providers be permitted to testify as fact witnesses and to "testify as to opinions formed during [his/her treatment of plaintiff], including causation, severity, disability permanency and future impairments, without the obligation to submit an expert report." *Id.* at 4 (quoting *Puglisi v. Town of Hempstead Sanitary Dist. No. 2*, 2013 WL 4046263, at *6 (E.D.N.Y. Aug. 8, 2013)) (cleaned up).

II.     ANAYLSIS

In his opposition to the motion *in limine*, Carter effectively concedes his treating physicians may not testify as expert witnesses by requesting they be permitted to testify as fact witnesses. Doc. No. 106 at 4; *See Puglisi v. Town of Hempstead Sanitary Dist. No. 2*, 2013 WL 4046263, at *7.

"[I]t is well settled that treating physicians can be deposed or called to testify at trial without the requirement of a written report." *Puglisi,* 2013 WL 4046263, at *3 (quoting *Spencer v. Int'l Shoppes, Inc.*, 2011 WL 4383046, at *2 (E.D.N.Y. Sept. 20, 2011)). "[A] treating physician only must comply with expert disclosure requirements if he or she 'is to opine on matters outside of his or her treatment'" and may otherwise be treated as a fact witness. *Hettiarachchi v. Cnty. of Suffolk*, 2023 WL 6283287, at *5 (E.D.N.Y. Sept. 25, 2023) (quoting *Puglisi,* 2013 WL 4046263, at *5).

When a plaintiff seeks to have treating physicians testify as fact witnesses at trial, the physicians' testimony must be limited. "[T]he key to what a treating physician can testify to without being declared an expert is based on his personal knowledge from consultation, examination and treatment of the Plaintiff, 'not from information acquired from outside sources.'" *Motta v. First Unum Life Ins. Co.*, 2011 WL 4374544, at *3 (E.D.N.Y. Sept. 19, 2011) (emphasis omitted) (quoting *Mangla v. Univ. of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y.1996)). *See also Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995) ("The relevant question is whether these treating physicians acquired their opinions ... directly through their treatment of the plaintiff.").

Treating physician fact witnesses may "offer opinion testimony on diagnosis, treatment, prognosis and causation, but *solely* as to the information he/she has acquired through observation of the Plaintiff in his/her role as a treating physician limited to the facts in Plaintiff's course of treatment." *Spencer*, 2011 WL 4383046, at *4 (emphasis in original). Additionally, "treating physicians . . . may give opinion testimony about Plaintiff's condition and emotional damages." *Reilly v. Revlon, Inc.*, 2009 WL 2900252, at *3 (S.D.N.Y. Sept. 9, 2009).

A treating physician testifying as a fact witness is prohibited from "render[ing] opinions outside the course of treatment and beyond the reasonable reading of the medical records." *Lamere v. N.Y. State Office for the Aging*, 223 F.R.D. 85, 89 (N.D.N.Y. 2004); *Barack v. Am. Honda Motor Co., Inc.*, 293 F.R.D. 106, 109 (D. Conn. Apr. 18, 2013); *Miro v. City of Bridgeport*, 2023 WL 4992877, at *11 (D. Conn. Aug. 3, 2023). Nor may they "introduce information provided by other physicians to whom the Plaintiff may have been referred" or "present any medical reports received from other physicians" and not relied upon as part of their treatment. *Spencer*, 2011 WL 4383046, at *4.

Allowing Carter's treating physicians to testify as fact witnesses is unlikely to "significantly prejudice" Durant and does not warrant sanctions under Fed. R. Civ. P. 37(c)(1). Carter, then proceeding *pro se*, disclosed Doctors Smyth, Simmons, Maletz, and Lupus as expert witnesses over two years ago in the parties' July 22, 2022 Joint Trial Memorandum. Doc. No. 63 at 3-4. Additionally, Fed. R. Civ. P. 37(c)(1) is inapplicable if Carter's treating physicians testify only as fact witnesses.

Therefore, Durant's motion *in limine* is **granted in part** by precluding Carter's treating physicians from testifying as experts and **denied in part** by allowing the physicians to testify as fact witnesses.

So ordered.

Dated at Bridgeport, Connecticut, this 17 day of September 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge